**Linda ROBERTS, Petitioner,**

v.

**SECRETARY OF LABOR, United States Department of Labor, Respondent.**

No. 01–3681.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before BOGGS and MOORE, Circuit Judges; RUSSELL, District Judge.*

## ORDER

Linda Roberts, an Ohio resident proceeding pro se, petitions for review of a final decision and order of the Administrative Review Board ("ARB") dismissing her employment discrimination complaint filed pursuant to the employee protection provision of the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5851. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 27, 1995, Roberts sent a letter to the Department of Energy ("DOE"), which has been construed as an employment discrimination complaint filed under the ERA. The complaint alleged that Roberts had been employed by the Battelle Memorial Institute from September 1979 until July 18, 1994, when her employment was terminated. Roberts alleged that her employment was terminated in retaliation for her whistleblowing activities related to health and safety issues. The DOE referred Roberts's complaint to the Department of Labor ("DOL"), which determined that the complaint was untimely. Roberts appealed the DOL's determination.

An Administrative Law Judge ("ALJ") recommended that Roberts's complaint be dismissed as untimely. Upon review, the ARB adopted the ALJ's recommended order and dismissed Roberts's complaint. On appeal to this court, Roberts submitted for the first time a letter dated January

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

12, 1995, which would constitute a complaint under the ERA and, if mailed on that date, would have been timely. Thus, in light of the purported January 12, 1995, letter, this court vacated the ARB's decision and remanded the case for further proceedings "so that the nature of the letter can be more precisely determined."

Upon remand, the ARB vacated its prior decision and order and remanded the case to the ALJ for further proceedings consistent with this court's order. Following further proceedings before the ALJ, the ALJ again recommended that Roberts's complaint be dismissed as untimely. Upon review, the ARB agreed with the ALJ's recommendation and dismissed Roberts's complaint as untimely on April 30, 2001. Roberts has filed a timely appeal.

According to 42 U.S.C. § 5851(c)(1), judicial review of an agency action in an ERA case is guided by the provisions of 5 U.S.C. §§ 701–06. *Bartlik v. United States Dep't of Labor*, 73 F.3d 100, 102 (6th Cir.1996). Thus, this court reviews such an agency action to determine whether it " 'is unsupported by substantial evidence' " or "is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " *Varnadore v. Sec'y of Labor*, 141 F.3d 625, 630 (6th Cir.1998) (quoting 5 U.S.C. § 706(2)(A) and (E)). Legal conclusions are reviewed de novo, "although we defer somewhat to the agency because it is charged with administering the statute." *Am. Nuclear Res., Inc. v. United States Dep't of Labor*, 134 F.3d 1292, 1294 (6th Cir.1998). Findings of fact are reviewed "to ensure that substantial evidence supports them." *Id.*

Upon review, we conclude that the ARB's determination that Roberts's ERA complaint was not timely filed is supported by substantial evidence. Specifically, there is substantial evidence to support the ARB's conclusion that Roberts's January 12, 1995, letter was never mailed to the DOE and forwarded to the DOL, as asserted by Roberts. First, Roberts did not present a copy of the purported January 12, 1995, letter during the prior proceedings in this case despite her knowledge that timeliness was an issue. In fact, it was not until her case was being heard on appeal to this court in 1997 that she presented a copy of the letter in question. Second, neither the Department of Labor's Office of Federal Contract Compliance Programs nor the Equal Employment Opportunity Commission ("EEOC") have a copy of the January 12, 1995, letter in their files. Third, the record indicates that the DOL forwarded a "Form CC–4" complaint form dated January 12, 1995, that it received from Roberts to the EEOC for processing. In a letter to Roberts from the EEOC, dated February 6, 1995, the EEOC acknowledged receipt of Roberts's letter of complaint under Executive Order 11246, which prohibits employment discrimination by federal contractors on the basis of race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e. Executive Order 11246 does not deal with retaliatory discharge.

Contrary to Roberts's contention, the February 6, 1995, letter to her from the EEOC does not support her contention that the January 12, 1995, letter in question was mailed to the DOE. The February 6, 1995, letter acknowledges receipt of a discrimination complaint filed pursuant to Executive Order 11246. Thus, the February 6, 1995, letter does not support the conclusion that Roberts mailed a discrimination complaint alleging retaliation under the ERA to the DOE on January 12, 1995.

Accordingly, the ARB's final decision and order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.